Lori N. Brown
Nevada Bar No. 8858
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-3651
lbrown@grsm.com

*Attorneys for Defendant LV Petroleum, LLC*

**Gordon Rees Scully Mansukhani, LLP**
**Two North Central Avenue Suite 2200**
**Phoenix, AZ 85004**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PATRICK EMMERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LV PETROLEUM, LLC, a Nevada limited liability company<br><br>Defendant. | CASE NO.<br>State Court Case No. A-25-918303-C<br>Dept. No. 8<br><br><br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA AND ALL PARTIES:**

NOTICE IS HEREBY GIVEN that Defendant LV Petroleum, LLC ("Defendant"), by and through its undersigned counsel, hereby removes this action from the Eighth Judicial District Court of the State of Nevada, County of Clark, to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§1441 and 1446. This Court has federal question and supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. In support of the removal, Defendant states the following:

## I.    REMOVED CASE

1.    Plaintiff Patrick Emmerson ("Plaintiff") filed this civil action against Defendant on May 5, 2025, in the Eighth Judicial District Court of Nevada, Clark County, styled *Patrick Emmerson v LV Petroleum, LLC*, Case No. A-25-918303-C. A true and correct copy of the documents received by Defendant relating to the above-captioned

-1-

action are attached hereto as **Exhibit 1**. Defendant waived service of the Summons and Complaint on May 14, 2025. *See id.*

2.    The Complaint alleges Plaintiff worked for Defendant and he was terminated for seeking leave for a work injury and disability.

3.    The Complaint alleges that Plaintiff filed a dual charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission and on February 5, 2025, the EEOC closed its case and issued Plaintiff a Notice of Right to Sue, and Plaintiff filed his lawsuit within 90 days of the Notice of Right to Sue.

4.    The Complaint appears to allege federal claims against Defendant pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C.  §12112, including disability discrimination and retaliation. The ADA is a federal statute and the action is removable to this Court under federal-question jurisdiction. 28 U.S.C. § 1331.

5.    The Complaint also alleges claims under Nevada state law against Defendant including tortious discharge, workplace discrimination under N.R.S. §613.330 *et seq*, workplace retaliation, and intentional infliction of emotional distress. Plaintiff alleges such claims arise out of and are related to his employment. Therefore, Plaintiff's state-law claims "derive from a common nucleus of operative fact" and are removable under supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## II.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6.    This removal is timely. Defendant is filing this notice within 30 days of May 14, 2025 - the date Defendant waived service of the Summons and Complaint, which sets forth the claim for relief upon which the action is based. *See* 28 U.S.C. § 1446(b)(1).

7.    Defendant attaches as **Exhibit 2,** a copy of the Notice of Filing of Removal, which is concurrently filed with the District Court of Clark County, Nevada in this matter.

8.    The United States District Court for the District of Nevada is the proper venue for removal under 28 § U.S.C. 1441(a) because Plaintiff filed his Complaint in

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

Clark County, Nevada.

9.    Pursuant to 28 U.S.C. §1446(d), promptly after the filing of this Notice of Removal, Defendant shall provide written notice of same to counsel for Plaintiff.

10.    By seeking removal, Defendant does not waive any defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process, or service of process.

## III.    CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court remove the above-captioned action to this Court and no further proceedings be had in the State court.

DATED this 30th day of May 2025.

**GORDON REES SCULLY
MANSUKHANI, LLP**


By: */s/ Lori N. Brown*
       Lori N. Brown
       *Attorneys for Defendant*

-3-

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of May 2025, and pursuant to Fed. R. Civ. Pro. 5, I served a true and correct copy of the foregoing NOTICE OF REMOVAL via CM/ECF and email to the following:

Jemma E. Dunn
Matthew T. Hale
Michael A. Burnette
Greenberg Gross LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
jdunn@GGTrialLaw.com
mhale@GGTrialLaw.com
mburnette@GGTrialLaw.com
Attorneys for Plaintiff

By: */s/ Jessica C. Gerblick*

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

# EXHIBIT 1

Electronically Filed
5/5/2025 2:49 PM
Steven D. Grierson
CLERK OF THE COURT

COMJD
JEMMA E. DUNN, State Bar No. 16229
  *JDunn@GGTrialLaw.com*
MATTHEW HALE, State Bar No. 16880
  *MHale@GGTrialLaw.com*
MICHAEL A. BURNETTE, State Bar No. 16210
  *MBurnette@GGTrialLaw.com*
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801

Attorneys for Plaintiff Patrick Emmerson

CASE NO: A-25-918303-C
Department 8

**IN THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR THE COUNTY OF CLARK**

| | |
|---|---|
| PATRICK EMMERSON, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>LV PETROLEUM, LLC, a Nevada limited liability company; ROE BUSINESS ENTITIES I through X, inclusive,<br><br>          Defendants. | Case No.:<br>Dept No.:<br><br>**COMPLAINT**<br><br>**(DEMAND FOR JURY TRIAL)**<br><br><br>**Exempt from Arbitration:**<br><br>**Demand in Excess of $50,000** |

-1-
COMPLAINT; DEMAND FOR JURY TRIAL

Case Number: A-25-918303-C

Plaintiff PATRICK EMMERSON ("Plaintiff" or "Mr. Emmerson") by and through the law firm of Greenberg Gross LLP, in support of his Complaint against the Defendants stated and named herein, complains and alleges as follows:

**NATURE OF THE ACTION**

1. Mr. Emmerson began working for LV Petroleum as a cashier in December 2023. While performing his job duties on March 4, 2024, Mr. Emmerson suffered a workplace back injury requiring medical treatment. After properly notifying his supervisor and providing medical documentation, Mr. Emmerson requested light duty accommodations for his disability. Despite having medical restrictions limiting lifting and standing, Mr. Emmerson's accommodation requests were met with hostility from management. LV Petroleum terminated Mr. Emmerson's employment on March 10, 2024 on the explicit basis that he required leave for his work injury and disability. This termination occurred in discrimination and retaliation for Mr. Emmerson's disability accommodation requests and workers' compensation claim.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff Patrick Emmerson ("Plaintiff"), is and was at all relevant times herein, a resident of Clark County, Nevada.

3. *Entity Defendants:*

4. On information and belief, Defendant LV Petroleum, LLC (hereafter, "LV Petroleum") was and at all times mentioned in this Complaint authorized to operate by the State of Nevada and the United States government and authorized and qualified to do business in the County of Clark.

5. The identities of Defendants Roe Business Entities I through X, are unknown to Plaintiff at this time, who may be corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessors-in-interest or successors-in-interest entities, joint venturers, parent corporations or other related business entities of LV Petroleum, and/or serving as alter ego of, any and/or all Defendants, who were acting on behalf of or in concert with, or at the direction of LV Petroleum, and/or are entities responsible for the supervision of the individually named Defendants, and/or are entities employed by and/or otherwise directing the individual Defendants in the scope

-2-

COMPLAINT; DEMAND FOR JURY TRIAL

and course of their responsibilities, and may be responsible for the injurious activities of the other Defendants. Plaintiff alleges that each named Roe Business Entity Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein. Each Roe Business Entity Defendant is legally responsible for the events and happening alleged in this Complaint, and therefore, actually, proximately, and/or legally caused injuries and damages to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint, to insert the true names and capacities of the Roe Business Entities I through X, when they become known and to join such Defendants in this action.

6. At all times relevant herein, Defendants, and each of them, were agents, servants, partners, and employees of each and every other Defendant and/or Doe and Roe Entities Defendants and were acting within the course and scope of their agency, partnership, or employment.

7. Plaintiff's employment was predominantly conducted in Clark County, Nevada.

8. Venue is appropriate in this Court pursuant to NRS 13.010 and 13.040.

9. This Court has jurisdiction over this matter pursuant to Nev. Const. art. VI, § 6, as this Court has original jurisdiction in all cases not assigned to the justice courts.

10. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000.00, exclusive of attorneys' fees, interest, and costs.

## GENERAL ALLEGATIONS

11. In or around December 2023, LV Petroleum hired Mr. Emmerson as a Cashier. During his interview, Mr. Emmerson disclosed prior spinal injuries and was told accommodations could be made.

12. On March 4, 2024, Mr. Emmerson reaggravated his injury while restocking. He reported the injury and was given a workers' compensation form, which he later submitted to his employer to file a claim. Mr. Emmerson's doctor recommended modified duties, which Mr. Emmerson submitted along with a request for reasonable accommodations, including a stool and exemption from restocking.

13. Despite his ability to perform the essential duties of his position with accommodation, LV Petroleum denied his accommodation requests and refused further discussion.

-3-
COMPLAINT; DEMAND FOR JURY TRIAL

14. On or about March 10, 2024, LV Petroleum terminated Mr. Emmerson's employment on the explicit basis that he required leave for his work injury and disability.

15. *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

16. *Non-economic damages*: As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

17. *Punitive damages*: Defendants' conduct constitutes oppression, fraud, and/or malice and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

18. *Summary of Plaintiff's Protected Statuses and Activity*: Mr. Emmerson's protected status is his disability, specifically a diagnosed strain of muscle, fascia and tendon of his lower back that substantially limited major life activities including standing, lifting, and walking. Mr. Emmerson engaged in the following protected activities: requesting reasonable accommodations for his disability when he provided medical documentation for light duty restrictions and filing a workers' compensation claim for his workplace injury.

19. On December 12, 2023, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On February 5, 2025, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

**FIRST CAUSE OF ACTION**

**(Tortious Discharge)**

20. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

21. Plaintiff was employed by Defendant LV Petroleum, LLC.

-4-
COMPLAINT; DEMAND FOR JURY TRIAL

22. Plaintiff, acting in good faith, filed a workers' compensation claim following a workplace injury.

23. Defendant LV Petroleum, LLC had actual or constructive knowledge of Plaintiff's actions.

24. The decision of Defendant LV Petroleum, LLC to discharge plaintiff was proximately caused by Plaintiff's actions and contravened the public policy of the State of Nevada.

25. Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020.

26. Defendant LV Petroleum, LLC knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and  warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

**SECOND CAUSE OF ACTION**

**(Workplace Discrimination)**

27. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

28. Plaintiff was employed by Defendant LV Petroleum, LLC.

29. The acts and omissions of Defendant LV Petroleum, LLC, as more fully set forth herein, constituted discrimination on the bases of disability within the meaning of NRS 613.330.

30. Plaintiff is within the class of persons that NRS 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by NRS 613.330.

31. Plaintiff charges that Defendant LV Petroleum, LLC discriminated against the Plaintiff based on his .

32. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful disability discrimination, loss of his employment, loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

-5-
COMPLAINT; DEMAND FOR JURY TRIAL

33.     As a direct and proximate result of the actions of Defendant LV Petroleum, LLC, Plaintiff has suffered damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000), the total amount of which will be subject to proof at the time of trial.

34.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020 as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

35.     Defendant LV Petroleum, LLC knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and  warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

### THIRD CAUSE OF ACTION

### (Workplace Retaliation)

36.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

37.     Plaintiff was employed by Defendant LV Petroleum, LLC.

38.     Plaintiff engaged in protected activity by requesting reasonable accommodations for his disability when he provided medical documentation for light duty restrictions.

39.     Defendant LV Petroleum, LLC was aware of Plaintiff's protected activity.

40.     After engaging in protected activity, Plaintiff suffered an adverse employment action.

41.     There is a causal connection between Plaintiff's protected activity and the adverse employment action.

42.     As a result of the retaliatory actions of Defendant LV Petroleum, LLC, Plaintiff has suffered damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000), the total amount of which will be subject to proof at the time of trial.

43.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020 as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

COMPLAINT; DEMAND FOR JURY TRIAL

44.    Defendant LV Petroleum, LLC knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and  warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

**FOURTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

45.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

46.    By its actions described hereinabove, Defendant LV Petroleum, LLC intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

47.    The following conduct of Defendant LV Petroleum, LLC caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial: LV Petroleum terminated Mr. Emmerson while he was under documented medical restrictions and receiving treatment for a workplace injury; LV Petroleum falsely claimed Mr. Emmerson failed to notify management of his absences; LV Petroleum accused Mr. Emmerson of insubordination and terminated him while he was on approved medical leave, demonstrating a callous disregard for his medical condition; and LV Petroleum attempted to force Mr. Emmerson to work without accommodations despite medical documentation restricting him from prolonged standing and lifting.

48.    The actions of Defendant LV Petroleum, LLC were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions. Plaintiff has been damaged, and will continue to be damaged in excess of fifteen thousand dollars. The actions of Defendant LV Petroleum, LLC were done willfully, oppressively, maliciously and in callous indifference to the Plaintiffs rights and therefore, the Plaintiff should be awarded punitive damages in an amount in excess of fifteen thousand dollars.

49.    Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020.

COMPLAINT; DEMAND FOR JURY TRIAL

50. Defendant LV Petroleum, LLC knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

**WHEREFORE** Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiff would have received but for Defendants' wrongful conduct, in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. For punitive damages in the amount to be determined at the trial in this matter sufficient to deter Defendants from similar wrongful and outrageous conduct;

3. For attorney fees and costs of suits incurred herein;

4. For unpaid wages;

5. For interest as provided by law at the maximum legal rate;

6. For pre-judgment and post-judgment interest, as provided by law;

7. For injunctive relief;

8. For any and all other relief this Court may deem appropriate.

DATED this 5th day of May, 2025.

GREENBERG GROSS LLP

By _____
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
1980 Festival Plaza Drive, Suite 300
Las Vegas, Nevada 89135
Tel. (702) 777-0888
Attorneys for Plaintiff

-8-
COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Patrick Emmerson hereby demands a jury trial.

DATED this 5th day of May, 2025.

GREENBERG GROSS LLP

By: _____
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
1980 Festival Plaza Drive, Suite 300
Las Vegas, Nevada 89135
Tel. (702) 777-0888
Attorneys for Plaintiff

-9-
COMPLAINT; DEMAND FOR JURY TRIAL

**WAIV**
JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
  *JDunn@GGTrialLaw.com*
  *MHale@GGTrialLaw.com*
  *MBurnette@GGTrialLaw.com*

*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PATRICK EMMERSON, an Individual,, | Case No.  A-25-918303-C |
| Plaintiff, | Dept. No. 8 |
| v. | |
| LV PETROLEUM, LLC, a Nevada limited liability company, | |
| Defendant. | |

## WAIVER OF SERVICE OF SUMMONS AND COMPLAINT
### (DOMESTIC)

I, Lori N. Brown, Counsel for Defendant LV Petroleum, LLC, hereby acknowledge the existence of the above action and waive formal service of Summons and Complaint on Defendant LV Petroleum, LLC.

/ / /

/ / /

/ / /

/ / /

-1-
WAIVER OF SERVICE

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this 14th day of May, 2025.

_____
LORI N. BROWN
Nevada Bar No. 8858
GORDON REES SCULLY MANSUKHANI, LLP
One Renaissance Square, Two North Central
Avenue, Suite 2200
Phoenix, Arizona 85004
Tel. (602) 794-3651
Email: lbrown@grsm.com

*Attorney for Defendant*

Respectfully submitted by:

Date:  May ___, 2025          GREENBERG GROSS LLP

By _____
JEMMA E. DUNN
MATTHEW T. HALE
MICHAEL A. BURNETTE
GREENBERG GROSS LLP

*Attorneys for Plaintiff*

-2-
WAIVER OF SERVICE

# EXHIBIT 2

**RMFC**
Lori N. Brown
Nevada Bar No. 8858
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-3651
lbrown@grsm.com

*Attorneys for Defendant LV Petroleum, LLC*

# DISTRICT COURT

# CLARK COUNTY, NEVADA

PATRICK EMMERSON, an individual,

                Plaintiff,

      vs.

LV PETROLEUM, LLC, a Nevada
limited liability company

                Defendant.

CASE NO.  A-25-918303-C

Dept. No. 8

**NOTICE OF REMOVAL TO FEDERAL COURT**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PARTIES AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT on May 28, 2025, Defendant LV Petroleum, LLC filed a Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446 in the United States District Court for the District of Nevada. Attached hereto and marked as "**Exhibit A**" is a true and correct copy of the filed Notice of Removal.

Pursuant to 28 U.S.C. § 1446, the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of the Notice of Removal with this Court, effects removal of this action and the above-captioned Court may proceed no further

/ / /

/ / /

-1-

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

unless or until the case is remanded.

DATED this 30th day of May 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Lori N. Brown*
Lori N. Brown
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I electronically transmitted the attached document for filing and/or service with the Eighth Judicial District Court's e-filing system and served on counsel electronically in accordance with the E-service list to the following:

Jemma E. Dunn
Matthew T. Hale
Michael A. Burnette
GREENBERG GROSS LLP
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
jdunn@GGTrialLaw.com
mhale@GGTrialLaw.com
mburnette@GGTrialLaw.com
Attorneys for Plaintiff


By: */s/ Jessica C. Gerblick*

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

-3-